Jonathan D. **COLEMAN** and Kathleen Coleman, Plaintiffs/Appellants,

v.

**FARMERS & MERCHANTS BANK OF ST. CLAIR,** Defendant/Respondent.

No. ED 81774.

Missouri Court of Appeals,
Eastern District,
Division One.

May 6, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 26, 2003.

Application for Transfer Denied Aug. 26, 2003.

David G. Dempsey, St. Louis, MO, for appellant.

Leo V. Garvin, Jr., St. Louis, MO, for respondent.

Before ROBERT G. DOWD, JR., P.J., and MARY K. HOFF and GEORGE W. DRAPER, III, JJ.

## ORDER

PER CURIAM.

Jonathan D. Coleman and Kathleen Coleman (Plaintiffs) appeal from the trial court's grant of summary judgment in favor of Farmers & Merchants Bank of St. Clair (Defendant) and the denial of summary judgment to Plaintiffs. The underlying action is for alleged damages at law resulting from the wrongful foreclosure of Plaintiffs' residence by their mortgagee, Defendant. On appeal, Plaintiffs argue the trial court erred in granting Defendant's motion for summary judgment because (1) Defendant's motion failed to comply with Rule 74.04(c), (2) the trustee had not been validly appointed prior to the foreclosure sale in the manner required by the deed of trust, (3) Defendant failed to follow the notice and cure procedure set out in the deed of trust as a precondition to the acceleration of the Note and foreclosure of the deed of trust, (4) Defendant's conduct lulled Plaintiffs into a false sense of security that the loan would not be foreclosed for continued late payments, and (5) Plaintiffs were not in default. Plaintiffs also urge us to review and reverse the trial court denial of Plaintiffs' motion of summary judgment on the liability issue notwithstanding the fact that denial of a motion for summary judgment is normally not reviewed on appeal. We affirm.

We have reviewed the briefs of the parties and the record on appeal and find the claims of error to be without merit. An opinion would have no precedential value nor serve any jurisprudential purpose.

The parties have been furnished with a memorandum for their information only, setting forth the reasons for this order pursuant to Rule 84.16(b).